**DLD-126**                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1194
_____

IN RE: GREGORY JACKSON,
                                                        Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 25, 2011

Before: BARRY, FISHER and ROTH, Circuit Judges

(Opinion filed: May 3, 2011)
_____

OPINION
_____

PER CURIAM

     Gregory Jackson petitions this Court for a writ of mandamus, and also asks that we

issue a preliminary injunction. For the following reasons, we will deny both requests.

     We have often described mandamus as an "extraordinary" remedy—see, e.g., In re

United States, 273 F.3d 380, 385 (3d Cir. 2001); In re Richards, 213 F.3d 773, 782 (3d

Cir. 2000)—but rarely is the nature of the writ so well paired with a truly extraordinary

claim. Jackson asserts that, for years, pharmaceutical products and byproducts—ranging

from male sex hormones, to barbiturates, to blood-pressure inhibitors—have been stolen on a mass scale from "prisons, jails, state hospitals, military bases, naval vessels, embassies[,] or consulate offices" by various nefarious actors.  In additional to pilfering for "personal use and abuse," the thieves have been bombarding the materials with X-rays, "conver[ting] them into a radiological, electro-magnetic, air born [*sic*] form, that becomes capable of intoxicating, infecting[,] and contaminating every living being over perhaps a 100 square mile area."  The outcome of this process, warns Jackson, is a wholesale inducement of "all kinds of ill[-]mannered, erratic psychotic criminality and mis-behavior," to which he attributes the vast waves of criminality affecting the American urban landscape—and which, he intimates, should be a mitigating circumstance in various criminal prosecutions, akin to involuntary intoxication.  Jackson has dubbed this phenomenon "The Phantom Evil," and believes such "biochemical fascism" to be a pressing health crisis—one that is known to the Federal Government and its agencies, but that has been covered up in violation of the law: "Victimization by the Phantom Evil crimes has compiled countless fatal injuries resulting from this criminal air environment contamination, while the U.S./E.P.A. neglects any remedial action."

Jackson, therefore, seeks disclosure, fashioning his mandamus petition as a hybrid civil suit; he names as "defendants" FBI Director Robert Mueller and EPA Administrator Lisa Jackson.  Having concluded that "[o]nly public disclosure of the Phantom Evil through the mass news media of a nationally televised press conference" will suffice to

2

spread the word of this pestilence and lead to its eradication, he asks this Court to compel the aforementioned "respondents" to "organize and conduct a national press conference televised live." Jackson also filed a request for a preliminary injunction in which he asks us to require the EPA to close "the dentistry of the **Norris Town** state hospital forensic unit and the **Torrence** state hospital forensic unit," (emphasis in original) which he implies are major sites of this pharmaceutical conversion.

In order for a writ of mandamus to issue, three conditions must be satisfied: "(1) there must be no other adequate means to attain the relief sought; (2) the right to issuance of the writ must be clear and indisputable; and (3) the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." In re Pressman-Gutman Co., 459 F.3d 383, 399 (3d Cir. 2006) (internal quotation marks omitted). Jackson has not shown that he is without alternative recourse; nor, for that matter, has he demonstrated a clear and indisputable right to mandamus relief. We therefore decline to grant the writ.

As we have determined that Jackson has no right to mandamus, it follows that he cannot prevail on his request for a preliminary injunction, to the extent that we would have the original jurisdiction to grant his request. Winter v. National Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008); see also Fed. R. App. P. 8(a)(2)(A)(i).

Accordingly, for the foregoing reasons, we will deny Jackson's requests for a writ of mandamus and a preliminary injunction.

3